UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BLUE LEATHER, LLC                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:07-CV-458-S

JAVIER MARKOWICZ, et al.                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of defendant, Letrix, Inc. ("Letrix Inc."), to dismiss the complaint filed by the plaintiff, Blue Leather, LLC ("Blue Leather"), for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) (DN 17). For the reasons set forth herein, the motion will be denied.

The Court has not conducted an evidentiary hearing to determine jurisdiction. Therefore, the court will consider the pleadings and affidavits in a light most favorable to Blue Leather, and will not consider Letrix Inc.'s version of any disputed facts. *See Papa John's Int'l, Inc. v. Entm't Mktg.& Commc'n, Int'l, Ltd.,* 381 F.Supp.2d 638, 641 (W.D.Ky.2005) (citing *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269 (6th Cir.1998); *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996)).

Blue Leather is a Florida limited liability company with a principal place of business in Florida. Blue Leather also has an office in Louisville, Kentucky. Letrix Inc. is a California corporation with its principal place of business in California. Blue Leather is engaged in the business of brokering and selling leather hides produced in South America to individuals and companies throughout the world. Defendant, Javier Markowicz ("Javier"), a member of Blue Leather and its former Chief Operating Officer, was responsible for Blue Leather's day-to-day operations subject to approval and oversight by Blue Equity, Blue Leather's managing member.[1] Javier arranged for the acquisition of raw leather hides

---

[1] Javier was Blue Leather's Chief Operating Officer from its inception on May 1, 2006, until his resignation on July 12, 2007.

from various producers and consolidators through a relationship with his father, defendant Juan Markowicz ("Juan"), and two companies owned by Juan, defendants Letrix S.A. and Letrix Inc.[2]

Letrix Inc. acquired, packed, and shipped raw leather hides for Blue Leather's resale. Over the course of Blue Leather and Letrix Inc.'s relationship, Letrix Inc. billed Blue Leather nearly $385,000 on 19 different invoices. Letrix Inc. represented to Blue Leather that the invoices were for reimbursements it was due for wholesale purchases of leather hides made on Blue Leather's behalf and for expenses it incurred during the process of acquiring leather hides for Blue Leather's resale. Letrix Inc. sent the invoices to Blue Leather's Louisville, Kentucky office.

Blue Leather alleges that a number of the invoices it received from Letrix Inc. overstated the costs of the leather hides purchased by Letrix Inc. for Blue Leather's resale. Blue Leather also alleges that a number of invoices did not even represent expenses Letrix Inc. incurred while acting on Blue Leather's behalf. Rather, Blue Leather alleges that Javier, through Letrix Inc., was competing with Blue Leather, and that certain invoiced expenses were actually expenses incurred for his and Letrix Inc.'s own personal benefit.

After discovering that it had been improperly invoiced, Blue Leather filed suit against Defendants. Letrix Inc. has moved to dismiss Blue Leather's claims against asserting that it does not have the requisite minimum contacts with Kentucky to form the basis for personal jurisdiction. Blue Leather contends that Letrix Inc. is subject to jurisdiction pursuant to the Kentucky long-arm statute, KRS 454.210, for having transacted business in Kentucky and having caused tortious injury by an act in Kentucky.

On a motion to dismiss for lack of personal jurisdiction which is decided on the basis of the pleadings and affidavits, the plaintiff need only make a *prima facie* showing of jurisdiction to defeat the

---

[2] Javier, Juan, Letrix S.A., and Letrix Inc. are collectively referred to as "Defendants"

defendant's motion to dismiss. *Papa John's Int'l, Inc.*, 381 F.Supp.2d at 641 (quoting, *Dean* 134 F.3d 1269; *CompuServe, Inc.*, 89 F.3d at 1262).

> As this court noted in *Kerman v. Chenery Assocs., Inc.*, 2007 WL 2363283 (W.D.Ky. 2007),
>
> Kentucky courts construe the state's long-arm statute as coextensive with the limits of due process. *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky.2002). The Court may exercise jurisdiction over Defendants if personal jurisdiction is consistent with the requirements of federal due process. Therefore, personal jurisdiction exists in the case *sub judice* if the Defendants have "minimum contacts" with Kentucky "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Gateway Press, Inc. v. LeeJay, Inc.* 993 F.Supp. 578, 580 (W.D.Ky.1997)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

*Kerman*, 2007 WL 2363283, at *1.

Specific jurisdiction may be exercised over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). In assessing the existence of specific jurisdiction, the Sixth Circuit applies a three part test. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

This court has noted that "[i]n an intentional tort-based action, purposeful availment has been found where a non-resident defendant engaged in wrongful conduct targeted at a plaintiff in the forum state." *Kerman*, 2007 WL 2363283, at *2. "When the communications themselves create the tort, the defendant is purposefully availing himself of the privilege of causing a consequence in the forum state." *Kerman*, 2007 WL 2363283, at *2 (citing *Wien Air Alaska Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir.1999); *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Neal v. Janssen*, 270 F.3d 328 (6th Cir.2001); *D.C. Micro Dev. Inc. v. Lange*, 246 F.Supp.2d 705 (W.D.Ky.2003)).

It appears to the court that Blue Leather has asserted claims for damages related to Letrix Inc.'s intentional act of sending to its Louisville, Kentucky office, overinflated invoices and invoices for expenses not incurred while pursuing Blue Leather business, but rather incurred while pursuing its own business. Therefore, at this early stage, the court finds that these invoices form the basis for Blue Leather's claims against Letrix Inc. Accordingly, the court finds at this time that Letrix Inc. purposefully availed itself of the privilege of acting and causing a consequence in Kentucky. *See id.* The court also finds at this time that the invoices sent to Kentucky are related to Blue Leather's claims such that Blue Leather's cause of action arises from Letrix Inc.'s Kentucky contacts. *See D.C. Micro Dev., Inc.*, 246 F.Supp.2d at 712, quoting *Mohasco*, 401 F.2d at 384 ("[o]nly when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contract"). Moreover, nothing suggests to the court at this time that it would be unfair to exercise jurisdiction over Letrix Inc. *See id.*, quoting *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.,* 680 F.2d 1123, 1126 (6th Cir.1982) ("when the first two elements are met, an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion").

For the above stated reasons and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Letrix Inc.'s motion to dismiss for lack of personal jurisdiction (DN 17) is **DENIED**.

**IT IS SO ORDERED** this