UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BLUE LEATHER, LLC                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:07-CV-458-S

JAVIER MARKOWICZ, et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Javier Markowicz.("Javier"), to dismiss for failure to state a claim, and/or motion for more definite statement, and/or motion to strike (DN 18). For the reasons stated below, the motions will be denied.

In order to avoid a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Id.* at 1965.

The plaintiff in this action, Blue Leather, LLC ("Blue Leather"), is engaged in the business of brokering and selling leather hides produced in South America to individuals and companies throughout the world. From Blue Leather's inception on May 1, 2006, until his resignation on July 12, 2007, Javier was Blue Leather's Chief Operating Officer, and was responsible for Blue Leather's day-to-day operations. Javier arranged for the acquisition of raw leather hides from various producers and consolidators through a relationship with his father, defendant Juan Markowicz ("Juan"), and two companies owned by Juan, defendants Letrix S.A. and Letrix Inc.

Blue Leather claims that while acting as its Chief Operating Officer, Javier breached his fiduciary duties to Blue Leather, used Blue Leather's trade secrets for his own advantage in violation the Uniform Trade Secrets Act , conspired with the other defendants to compete with Blue Leather, and breached his

contract with Blue Leather. Blue Leather also claims that Javier failed to return Blue Leather property after his July 12, 2007, resignation.

Javier contends that Blue Leather has failed to plead the proper elements to state a claim for violation of the Uniform Trade Secrets Act, civil conspiracy, and breach of contract. Javier also contends that Blue Leather has failed to plead its claim for conversion and breach of fiduciary duty with particularity. The court finds Javier's arguments to be without merit.[1]

Under Fed.R.Civ.P. 8(a), a complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC,* 491 F.3d 522, 526 (6th Cir. 2007). Blue Leather's complaint clearly contains allegations respecting the material elements of its claims against Javier for violation of the Uniform Trade Secrets Act, civil conspiracy, and breach of contract under either Florida or Kentucky law.[2] Javier appears to expect Blue Leather to prove its claims from the complaint. Such is not required under Rule 8(a).

Under Fed.R.Civ.P. 9(b), all allegations of fraud must "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). A plaintiff claiming fraud "must allege specifically times, places, contents and victims of the underlying fraud." *Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir.1992). Assuming Rule 9(b) is applicable to Blue Leather's claims for conversion and breach of fiduciary duty, which Blue Leather disputes, Blue Leather has sufficiently met the heightened pleading requirements.

---

[1] Javier also contends that punitive damages are not available for a breach of contract claim. Blue Leather does not dispute this point and asserts that it does not seek punitive damages based on its breach of contract claim.

[2] The parties agree that Florida law governs Blue Leather's claim for breach of contract. Javier contends that Florida law governs Blue Leather's remaining tort claims as well. Blue Leather contends the applicable law is that of Kentucky. Because the court finds that Blue Leather has sufficiently stated a claim for relief under either Florida or Kentucky law, the court need not determine which law applies at this time.

Blue Leather's conversion and breach of fiduciary duty claim are based in part upon Blue Leather's allegation that after his July 12, 2007 resignation, Javier failed to return the Blue Leather corporate records in his possession, including bills of lading, wire transfer receipts, sales documents, customs forms, and information regarding the location of leather hides that were shipped to China on behalf of Blue Leather, as well as its allegation that in early July 2007, Javier provided written instructions to alter the beneficiary on a letter of credit issued to Blue Leather.  Blue Leather alleges that Javier instructed that the beneficiary be changed from Blue Leather to Marcelo Besozzi, his friend and associate, whose address was listed as Alzaibar 1286, Montevideo, Uruguay, an address that is alleged to be used by Letrix S.A. and Letrix Inc.  Blue Leather also asserts additional allegations sufficient to comply with Rule 9(b).

Under Fed.R.Civ.P. 12(e), "a party may move for a more definite statement of a pleading... which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).  The court finds that Blue Leather has properly pled its claims against Javier, and has sufficiently indicated which claims are applicable to him.  Blue Leather's complaint is not so vague or ambiguous that Javier cannot reasonably prepare a response.

Under Fed.R.Civ.P. 12(f), "the court may strike from a pleading... any immaterial, impertinent, or scandalous matter."  Javier moves to strike a statement from Blue Leather's complaint referring to his "potential criminal activities."  Javier also moves to strike the statement that he "has disclosed and may further disclose confidential and proprietary information of Blue Leather LLC in an effort to misappropriate business for his own benefit," and that he has "used corporate funds for Letrix S.A. and Letrix Inc. for [his] own personal benefit."  The court does not find it necessary to strike these statements.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** defendant Javier Markowicz's motion to dismiss for failure to state a claim, and/or motion for more definite statement, and/or motion to strike (DN 18) is **DENIED**.

**IT IS SO ORDERED**.