UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BLUE LEATHER, LLC                                                                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:07CV-458-S

JAVIER MARKOWICZ, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Javier Markowicz, *et al.*, to dismiss Count VIII of the Amended Complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6) (DN 45). For the reasons set forth below, the motion will be granted.

The Amended Complaint contains fairly detailed allegations concerning the alleged wrongful conduct which the plaintiff, Blue Leather, LLC, contends violated the Lanham Act, 15 U.S.C. § 1125, *et seq.* It contends specifically that the facts establish a claim for use in commerce of a "false designation of origin and false or misleading misrepresentation of fact." Response brief, p. 3. The court may grant a motion to dismiss for failure to state a claim when the complaint fails to plead enough facts to demonstrate the plausibility of the claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The court must accept the allegations of the Amended Complaint as true, and draw all reasonable inferences in favor of Blue Leather. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury...The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions...devoid of any well-pleaded facts." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995), *citing, Baxter v. Vigo County School Corp*, 26 F.3d 728, 736 (7th Cir. 1994). The court

need no accept as true legal conclusions or unwarranted factual inferences. *DirectTV, Inc.* 487 F.3d at 476, *citing, Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

The Lanham Act, 15 U.S.C. § 1125, *et seq.*, provides, in part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person...
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The United States Supreme Court stated in *Park 'n Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S.189, 198, 105 S.Ct. 658, 663, 83 L.Ed.2d 582 (1985), "The Lanham Act provides national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers. *See,* S.Rep. No. 1333, at 3, 5. *See also*, 15 U.S.C. § 1127.

In seeking to show that it has stated a claim, Blue Leather identifies paragraphs 8, 11, 12, 14, 15, 17, 18, and 22 of the Amended Complaint. It recites paragraphs 55 and 56, concluding that:

> 55) Defendants' actions in misrepresenting to Blue Leather's customers the contents of the containers purchased is a violation of the Lanham Act.
>
> 56) Defendants' actions in changing the letter of credit misrepresented to Plaintiff's customers the origin of the goods sold is also a violation of the Lanham Act.

A careful reading of the factual allegations, however, evidences that Blue Leather is attempting to force fit its facts into the legal framework of the Lanham Act. Even under a liberal pleading standard, the facts alleged do not articulate a plausible Lanham Act claim. *Twombly, supra.*

Taking the allegations as true, Markowicz acquired leather hides in South America to fulfill orders from Blue Leather's customers. In some instances, customers would furnish letters of credit

with Blue Leather named as the beneficiary to facilitate the purchases. Customers would typically order hides by type and quality in large quantities. The hides would be packed in containers containing 8 to 10 pallets weighing approximately 20,000 kilograms. The containers would either be shipped directly from South America to the customer, or would be shipped to China to be warehoused for future use.

Blue Leather alleges that (1) the defendants shipped substandard hides which were not consistent with the quality of the product ordered by Blue Leather's customers, (2) the defendants conspired to ship a crate containing only three pallets and to fill the remainder with salt in order to artificially approximate the weight of a complete container of hides, and (3) Markowicz directed that the beneficiary on a letter of credit be changed from Blue Leather to Marcelo Bezzoni, a friend of Markowicz.

Blue Leather alleges that the defendants "misrepresented" to Blue Leather's customers "the contents of the containers" by fulfilling orders with substandard hides or failing to provide the required quantity of hides. Blue Leather has not stated a Lanham Act claim, as there is no allegation that confusion as to the origin of the goods resulted. Simply contending that the defendants made a "misrepresentation" to Blue Leather's customers, thereby employing in conclusory fashion the term found in the Lanham Act, does not fill the factual void in the Amended Complaint. The bare allegation that the defendants provided substandard quality or insufficient quantity of goods is, standing alone, insufficient to ground a Lanham Act claim. The complaint lacks any factual basis suggesting the sort of consumer confusion sought to be addressed by the Act.

With respect to the alleged alteration of the letter of credit, the claim makes little sense. The allegations are that:

> 22) In early July 2007, in the process of completing a sale of leather hides for Plaintiff Blue Leather, LLC, Defendant Javier Markowicz, gave written instructions and directions for the beneficiary on a letter of credit from a customer of Blue Leather, LLC, regarding the purchase of certain leather hides from Blue Leather, LLC, to be changed from Blue Leather, LLC, to Marcelo Besozzi at Alzaibar 1286,

>      Montevideo, Uruguay.  Marcelo Besozzi is an [sic] close associate and friend of
>      Defendant's Javier Markowicz, Letrix S.A.[,] Letrix, Inc., and Juan Markowicz. The
>      address given for Marcelo Besozzi is, upon information and belief, not the actual
>      address for Marcelo Besozzi and is, upon information and belief, actually an address
>      for, or used by, Defendants Letrix S.A. and Juan Markowicz.

Amend. Compl., ¶22.

Paragraph 56 states that "Defendants' actions in changing the letter of credit misrepresented to Plaintiff's customers the origin of the goods sold is also a violation of the Lanham Act." Despite this statement in paragraph 56, there are no factual allegations associating the altered letter of credit with the origin of the leather goods. The contention set forth in paragraph 56 is unsupported by any factual allegations which suggest a redressible claim under the Lanham Act.

There are insufficient facts alleged to establish a plausible Lanham Act claim. *Twombley, supra.* Count VIII will therefore be dismissed. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 28, 2009

**Charles R. Simpson III, Judge**
**United States District Court**